ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
mwessel@psalaw.net

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CYNTHIA JONES-BATES, a, an individual,<br><br>Plaintiff,<br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation doing business as WAL-MART; DOES I-X; unknown persons; and ROE CORPORATIONS I-X;<br><br>Defendants. | Case No.:<br><br>[District Court, Clark County Case No.: **A-20-827150-C,** Dept. No.: IV]<br><br>**DEFENDANT WAL-MART STORES, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**<br><br>**[JURY DEMAND]** |

COMES NOW, Petitioner WAL-MART STORES, INC. (hereinafter "Petitioner"), by and through its counsel of record, the law offices of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits the following memorandum in support of its Petition for Removal of Jurisdiction to Federal Court:

I.

Petitioner WAL-MART STORES, INC. is currently the only true named Defendant in the above-captioned action.

. . .

. . .

. . .

II.

The above-entitled action was commenced by Plaintiff CYNTHIA JONES-BATES (hereinafter "Plaintiff") on December 30, 2020 in the Eighth Judicial District in and for Clark County, District of Nevada. Said case is currently pending in that court. Plaintiff served her Summons on Petitioner on January 4, 2021. True and correct copies of Plaintiff's operative Complaint and Summons are attached hereto as **Exhibits "A" and "B,"** respectively.

Plaintiff's Complaint served on January 4, 2021, is the "first paper" received by Petitioner from which removability may clearly be ascertained that the amount in controversy in this action exceeds $75,000.00. In her Complaint, Plaintiff claims she has incurred over **$55,000.00** in past medical specials to date from her October 2, 2019, incident. *See* Exh. A at 3:9-10. Plaintiff then indicates immediately after her alleged past damages that she has suffered damages in an amount over $75,000.00. *Id.* Plaintiff further claims attorneys' fees in her Complaint filed in this matter in an undisclosed amount. *See* Exh. "A," at 4:14-15.

Based on her past medical specials coupled with her claims she incurred over $75,000.00 in damages from the alleged incident as well as claims for attorney fees, Plaintiff's damages clearly exceed the $75,000.00 federal threshold. As such, there is no dispute that 28 U.S.C. §1446(b)'s $75,000 amount in controversy requirement is met.

III.

This Petition is timely filed pursuant to 28 U.S.C. § 1446(b).

IV.

This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and is one which may be removed to this Court by Petitioner, pursuant to 28 U.S.C. § 1441(a).

V.

Petitioner is informed, believes, and thereon alleges that Plaintiff is, and was at the time this action was commenced, a citizen of the State of Nevada.

VI.

Petitioner is, and was, at the time this action was commenced, a Delaware corporation with its principal place of business in the State of Arkansas. As such, Petitioner is a citizen of the State of

Delaware and citizen of the State of Arkansas.

## VII.

The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred after slipping at Walmart Store No. 5259 located at 6151 W. Lake Mead Blvd., Las Vegas, Nevada (Clark County).

## VIII.

A copy of Petitioner's Petition for Removal of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Plaintiff's Complaint, have been deposited with the Deputy Clerk in the County Clerk's office for the Eighth Judicial District Court in and for Clark County, Nevada.

## IX.

True and correct copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

## X.

This Petition is filed with the Court within thirty (30) days after Petitioner was served with Plaintiff's Complaint. Plaintiff's Complaint was the "first paper" that put Petitioner on notice that Plaintiff's claimed damages clearly exceed the $75,000 federal diversity jurisdiction threshold. (Exh. A at 3:9-11). Given the amount of her past medical specials coupled with her allegations she incurred more than $75,000.00 in damages from the alleged incident, and the fact Plaintiff is claiming multiple other forms of relief including pain and suffering, loss work opportunities and attorneys' fees, Plaintiff's damages will *clearly total over* $75,000. Therefore, Plaintiff's anticipated damages meets 28 U.S.C. §1332(b)'s amount in controversy requirement. *See* 28 U.S.C. §1332(a) (2015); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing dismissal for lack of jurisdiction, relying, in part, on estimated future medical expenses to determine that the amount in controversy exceeded the jurisdictional amount); *see also Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999) (holding that it was facially apparent from plaintiff's Complaint that claims exceeded $75,000.00 where plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day hospital stay, pain and suffering, humiliation and a temporary inability to do housework); *see also White v. FCI*

*USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that it was facially apparent that plaintiff's wrongful termination exceeded $75,000.00 based on the lengthy list of compensatory and punitive damages combined with a claim for attorney fees in her Complaint).

As such, it is wholly reasonable that these cumulative claims for damages and diversity of the parties meet the requisite requirements set forth by 28 U.S.C. §1441(b) and 28 U.S.C. §1332.

## PRAYER

WHEREFORE, Defendant prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court.

DATED this 25th day of January, 2021.

**PHILLIPS, SPALLAS & ANGSTADT LLC**

*/s/ Megan E. Wessel*

ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
MEGAN E. WESSEL, ESQ.
Nevada Bar No. 14131
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2021, I served a true and correct copy of the foregoing, **DEFENDANT WAL-MART STORES, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| RYAN ALEXANDER, ESQ.<br>Nevada Bar No. 10845<br>RYAN ALEXANDER, CHTD.<br>3017 W. Charleston Blvd., Ste. 10<br>Las Vegas, Nevada 89102 | Phone 702-868-3311<br>Fax     702-822-1133 | Plaintiff |

*/s/ Clarissa Reyes*
An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC